## STATE OF CONNECTICUT *v.* RIDGELY W. BROWN, JR.

Superior Court, Geographical Area No. 20 at Norwalk
File No. CR-04-0105584

Memorandum filed December 7, 2004

*Michael A. DeJoseph,* assistant state's attorney, for the state.

*Law Offices of Matthew M. Maddox,* for the defendant.

HON. WILLIAM F. HICKEY, JR., JUDGE TRIAL REFEREE. The defendant, Ridgely W. Brown, Jr., was charged with a violation of General Statutes § 30-86 (b), which prohibits giving alcohol to minors. Pursuant to Practice Book § 41-8, the defendant has moved to dismiss the charge on the ground that § 30-86 (b) does not apply to minors. For the reasons subsequently set forth, his motion to dismiss is denied.

Whether § 30-86 (b) applies to minors is a question of statutory interpretation. "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results,

extratextual evidence of the meaning of the statute shall not be considered." Public Acts 2003, No. 03-154, § 1.

Section 30-86 (b) provides in relevant part: "Any permittee or any servant or agent of a permittee who sells or delivers alcoholic liquor to any minor, or to any intoxicated person, or to any habitual drunkard, knowing the person to be such an habitual drunkard, shall be subject to the penalties of section 30-113. Any person who sells, ships, delivers or gives any such liquors to such minor, by any means, including, but not limited to, the Internet or any other on-line computer network, except on the order of a practicing physician, shall be fined not more than one thousand five hundred dollars or imprisoned not more than eighteen months, or both." The defendant asserts that the plain meaning of the phrase "such minor," as used in the second sentence of § 30-86 (b), refers to the minor described in the first sentence of that section of the statute. The minor in the first sentence is one to whom alcohol has been sold or delivered by any permittee, his servant or agent. As a criminal statute, § 30-86 (b) must be strictly construed against the state. *State* v. *Ross*, 230 Conn. 183, 200, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995). Under the defendant's interpretation, therefore, only a permittee, his servant or agent are subject to liability for a violation of § 30-86 (b).

The defendant correctly stated the general principle of statutory interpretation that criminal statutes are construed against the state. Id. It is also a general principle of statutory interpretation that every word has meaning regardless of the type of statute. "In other words, [n]o part of a legislative enactment is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . [so that] no word [or phrase] in a statute is to be treated as superfluous." (Internal quotation marks omitted.) *State* v. *Peeler*, 271 Conn. 338, 434–35,

857 A.2d 808 (2004). The first sentence of § 30-86 (b) clearly pertains to permittees, their servants or agents, who sell or deliver "alcoholic liquor to any minor . . . ." General Statutes § 30-86 (b). The second sentence, however, pertains to "[a]ny *person* who sells, ships, delivers or gives any such liquors to such minor . . . ." General Statutes § 30-86 (b). The commonly approved usage of the word "person" encompasses a much broader category of individuals than one limited to permittees, their servants or agents. See Black's Law Dictionary (8th Ed. 2004) ("person" defined as "[a] human being"); see also General Statutes § 1-1 (a) ("[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language").[1] This court cannot read § 30-86 (b) so as to render the legislature's use of the word "person" meaningless.

The language of § 30-86 (b) is clear and unambiguous. That statute makes it unlawful for any person to give alcoholic liquor to a minor. The defendant, regardless of his status as a minor, is a person to whom the statute applies. The motion to dismiss is, therefore, denied.

---

[1] The defendant does not argue that a minor is not a person. Rather, he claims that in this context, "persons" refers only to permittees, their servants or agents.